IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD STYPMANN, | No. C-04-4987 MMC |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND; GRANTING MOTIONS TO DISMISS; VACATING HEARING** |
| v. | |
| MAYOR GAVIN NEWSOM, CHIEF HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, AUTO RETURN, | (Docket Nos. 24, 27, 36) |
| Defendants. | |

Before the Court are three motions: (1) a motion filed February 22, 2005 by defendant TEGSCO, LLC dba San Francisco Auto Return (sued as "Auto Return") to dismiss the above-titled action or, alternatively, for a more definite statement; (2) a motion filed February 24, 2005 by defendant City and County of San Francisco ("City") to dismiss the above-titled action; and (3) a motion filed March 11, 2005 by plaintiff Richard Stypmann ("Stypmann") to remand the action to state court, each noticed for hearing April 15, 2005. Stypmann has filed a single opposition to the motions filed by Auto Return and the City, to which Auto Return and the City have filed separate replies. In their replies, the City and Auto Return have included their arguments in opposition to Stypmann's motion to remand.

Stypmann has filed a single reply in support of his motion to remand.[1] Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the April 15, 2005 hearing, and rules as follows.

**BACKGROUND**

On November 24, 2004, the City, joined by Auto Return, removed the instant action to federal court from San Francisco Superior Court. Stypmann's pro se complaint asserted claims against the City, Auto Return, Mayor Gavin Newsom ("Mayor Newsom"), and Chief of Police Heather Fong ("Chief Fong")[2] based on the City's allegedly improper towing of Stypmann's vehicle in 2002 and 2004, as well as claims based on the City's alleged refusal to repair a broken sewer line at 701 Randolph Street.

On December 2, 2004, the City filed a motion to dismiss or, in the alternative, for a more definite statement. On December 6, 2004, Auto Return separately filed a motion to dismiss or, alternatively, for a more definite statement. On January 25, 2005, the Court issued an order granting the motions. As Stypmann, in his opposition to the motions, stated that he did not wish to pursue his federal RICO claims and conceded that he was not pursuing any claims as to "arrests and tows" that occurred in 2002, the Court dismissed all such claims with prejudice. The Court dismissed Stypmann's § 1983 claim against the City, with leave to amend, because Stypmann failed to allege that he suffered any injury as a result of an unlawful policy or custom of the City. The Court dismissed all claims against Auto Return, with leave to amend, because Stypmann failed to allege any factual basis for his claims. Finally, the Court remanded Stypmann's claim that the City failed to repair the broken sewer line at 701 Randolph Street, as it raised no federal claim and had no factual

---

[1] To the extent Stypmann's reply contains arguments relating to the motions to dismiss, the Court has not considered such arguments. Once Auto Return and the City filed their replies, Stypmann was not entitled to submit additional written argument without first obtaining permission from the Court to do so. See Civil L.R. 7-3(d).

[2] There is no indication that either Mayor Newsom or Chief Fong has been served, and, to date, neither has appeared in the action.

2

relationship to his § 1983 claim for unlawful seizure of his vehicle. The Court afforded Stypmann the opportunity to file an amended complaint, no later than February 12, 2005, to assert the following claims only:

> a. A section 1983 claim against all defendants based on events surrounding the allegedly unlawful towing of Stypmann's recreational vehicle in November 2004: [and]
>
> b. State law claims against Auto Return for conversion, negligence, and intentional infliction of emotional distress.

(See Order Granting Motions to Dismiss; Remanding "Broken Sewer" Claim, filed Jan. 25, 2005, at 2.) Stypmann timely filed an amended complaint on February 11, 2005.

## DISCUSSION

### A. Motions to Dismiss

#### 1. Legal Standard

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the pleadings. See Hal Roach Studios, Inc. v. Richard Feiner And Co., Inc., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Material that is properly submitted as part of the complaint, however, may be considered. See id. Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, also may be considered. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). In addition, the Court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referred to in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that

are subject to judicial notice.  See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).[3]

In analyzing a motion to dismiss, the Court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The Court may disregard factual allegations if such allegations are contradicted by the facts established by reference to exhibits attached to the complaint.  See Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  Conclusory allegations, unsupported by the facts alleged, need not be accepted as true.  See Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

**2. New Claims Pleaded Without Permission of Court**

Stypmann has included certain new causes of action in his First Amended Complaint without first obtaining leave of court, which claims the City and Auto Return move to dismiss.  First, Stypmann has included causes of action against three new defendants: Department of Motor Vehicle Director J. Borouki, California Governor Arnold Schwarzenegger, and San Francisco District Attorney Kamala Harris.  (See First Amended Complaint ("FAC") at 1.)  Second, Stypmann now purports to assert a class action on behalf of a class of motorists, the definition of which consists of nearly two pages of text. (See id. ¶ 1.)  Third, Stypmann asserts a variety of new claims based on the City's alleged suspension of Stypmann's driver's license, its allegedly false arrest of Stypmann for driving with a suspended license, and the allegedly improper enforcement of various California statutes relating to the suspension of drivers' licenses.  (See, e.g., id. ¶¶ 3, 7 and prayer for relief ¶¶ 4(f), 4(g).)  Fourth, Stypmann asserts various claims based on use of taxpayer funds and the raising of taxes, including "wast[ing] taxpayer funds by using the police or other governmental agencies and employees to illegally harass houseless persons in San

---

[3] The declaration submitted by Stypmann in support of his opposition to the motions to dismiss does not fall within the above-cited exceptions to the general rule precluding the Court from considering material beyond the pleadings.  Accordingly, the Court has not considered Stypmann's declaration in ruling on the instant motions to dismiss.

4

Francisco" and "continuing to raise general fund and tax revenues under the guise of criminal enforcement." (See, e.g., id. prayer for relief ¶ 4(e), 4(l).)

As Stypmann included all such claims in the First Amended Complaint in violation of the Court's January 25, 2005 order,[4] they are hereby DISMISSED, without prejudice.[5] The Court will consider the allegations of the First Amended Complaint only as they relate to the causes of action the Court permitted Stypmann to assert, as set forth in the Court's January 25, 2005 order.

### 3. City's Motion to Dismiss

The City, relying on Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), moves to dismiss Stypmann's § 1983 claim to the extent such claim is based on the allegedly unlawful towing of his vehicle on November 11, 2004, on the ground that Stypmann has failed to allege sufficient facts in support of his claim that he was injured by an unlawful policy or custom of the City. See Monell, 436 U.S. at 694 (holding cities may be sued under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" on the plaintiff).

Stypmann alleges that he is a "homeless motorist," (see FAC ¶ 1) who lives in "his 22 foot long recreational vehicle," (see id. ¶ 5). According to Stypmann, the City has a policy of "harass[ing] homeless residents living in their vehicles such as Plaintiff by towing, impounding and participating in attachment of possessory liens of Vehicle Code section 22851[6] by their tow operators and contractees, holding and selling said vehicles and

---

[4] The Court further notes that Stypmann may not assert any new claims without first obtaining Court approval to do so, pursuant to the numerous vexatious litigant orders issued against Stypmann by judges in the Northern District of California.

[5] The Court expresses no opinion as to whether any of the dismissed causes of action states a claim.

[6] The California Vehicle Code authorizes peace officers to remove or impound vehicles under certain circumstances. See Cal. Veh. Code § 22651. Section 22851 provides that whenever a peace officer has authorized removal of a vehicle, the garage keeper in custody of the removed vehicle shall have a "lien dependent upon possession for

5

refusing to release them on demand when such possessory liens attachment [sic] unconstitutionally." (See id. ¶ 3.) Stypmann also alleges the City has a practice and custom of "civil rights violations arising from improper training of personnel with a callous disregard of the civil rights of persons in California and San Francisco with respect to towing of their vehicles, tow lien attachment validity hearings and attachments of possessory liens under Vehicle Code section 22851 and tow lien attachment validity hearings under VC 22852 . . . [and] denying said towed motorists prompt, properly noticed, post-seizure hearings in conformance with the due process clause of the 14th Amendment of the U.S. Constitution, particularly when defendants knew or should know such practices to be unconstitutional and in violation of the permanent injunction and judgment as well as declaratory relief issued by the United States District Court in San Francisco arising from Stypmann v. San Francisco, 557 F.2d 1338 (9th Cir. Ca. 1977)."[7]  (See id.)

Stypmann alleges that on November 11, 2004, he moved his vehicle across the street, from 1 Byxbee to 2 Byxbee, "not realizing that as a holiday that day, no street sweeper would be coming by," (see id. ¶ 12); later that day, when he started to move his vehicle back to his regular parking space at 1 Byxbee, three officers "swooped down," arrested Stypmann for having a suspended driver's license, and towed and impounded his vehicle. (See id. ¶ 13.) The following day, Stypmann went to the Hall of Justice to demand

---

his or her compensation for towage and for caring for and keeping safe the vehicle[.]" See Cal. Veh. Code § 22851. Section 22852 requires that the vehicle's owner of record be provided notice, within 48 hours, of "the opportunity for a poststorage hearing to determine the validity of the storage." See Cal. Veh. Code § 22852.

[7] In Stypmann v. San Francisco, Stypmann filed a class action challenging the constitutionality of the provisions of § 22851 that established a possessory lien for towage and storage fees without a hearing before or after the lien attached. See id. at 1340. The Ninth Circuit found § 22851 did not comply with the requirements of due process because it did not provide for a prompt post-seizure hearing and remanded the action for further proceedings. See id. at 1344. The record before the Court does not reflect the relief ultimately ordered by the district court on remand. In 1979, the California legislature enacted § 22852, which, as noted, provides for notice to the vehicle owner of the availability of a poststorage hearing to determine the validity of the storage. See Cal. Veh. Code § 22852. Thereafter, the Ninth Circuit held that "[t]he constitutional deficiency which Stypmann identified in section 22851 was remedied when Cal. Vehicle Code § 22852 was enacted in 1979." See Goichman v. Rheuban Motors, Inc., 682 F.2d 1320, 1323 (9th Cir. 1982).

6

a tow lien attachment validity hearing.  (See id. ¶ 15.)  According to Stypmann, "[t]he hearing officer upheld the validity of the tow and would not allow any relevant arguments as to the tow validity, unconstitutionality of the charges leading to the suspended license and impoundment for suspended license."  (See id. ¶ 15.)  Stypmann alleges that the hearing was not in conformance with the due process clause of the 14th Amendment to the United States Constitution and also violated the "permanent injunction" issued in Stypmann v. San Francisco, 557 F.2d 1338 (9th Cir. 1977).[8]  (See id.)

The City argues that Stypmann's § 1983 claim, as asserted against the City, is subject to dismissal because Stypmann does not allege that he was a victim of the City's alleged policy of harassing homeless persons by unlawfully seizing their vehicles.  Rather, the City argues, Stypmann alleges in his complaint that he is being targeted by the San Francisco Police Department because of his work as a "police watch activist and organizer and public interest advocate."  (See FAC ¶¶ 5-8.)  The Court previously dismissed Stypmann's § 1983 claim against the City on the ground that he failed to allege that he was homeless or that his vehicle was towed because of his status as a homeless person.  Although Stypmann has amended his complaint to allege he is a homeless individual, (see FAC ¶ 1), he has not alleged that his vehicle was towed because he is homeless, but, rather, because of his work as an activist, (see id. ¶¶ 5-8), and because his driver's license previously had been suspended, (see id. ¶ 7, 13).

With respect to Stypmann's contention that the City has a policy of denying towed motorists "prompt, properly noticed, post-seizure hearings," (see FAC ¶ 3), Stypmann does not contend that he did not receive such a post-seizure hearing; indeed, Stypmann alleges he received such a hearing the day after his vehicle was towed.  (See FAC ¶ 14.)  In

---

[8] No such injunction appears in the Ninth Circuit's opinion in Stypmann.  In a subsequent opinion, the Ninth Circuit held that, in Stypmann, it did not hold § 22851 to be "wholly void," but rather "held the statute invalid as applied, or in other words, that private vehicles could not be towed and stored pursuant to it without at least some sort of hearing." See Goichman, 682 F.2d at 1323.  As noted, the Ninth Circuit has held that the post-seizure hearing provided in § 22852 remedied the constitutional deficiency in § 22851 that the Ninth Circuit had identified in Stypmann.  See id.

7

addition, as the City correctly points out, to the extent Stypmann contends there were improprieties in the manner in which the hearing was conducted, he has not alleged that the hearing officer was an employee of the City or that the hearing officer's allegedly improper actions were conducted pursuant to a practice or custom of the City.

Moreover, Stypmann concedes that prior to the date his vehicle was towed, his driver's license had been suspended,[9] and that he was cited for driving with a suspended license on the date his vehicle was towed. (See id. ¶¶ 7, 17.) Peace officers are authorized to tow a vehicle that is being driven by a person with a suspended driver's license. See Cal. Veh. Code §§ 22651(p), 14601.1. Consequently, the peace officer did not err in ordering the towing of Stypmann's vehicle, and the hearing officer did not err in upholding the tow lien. See Cal. Veh. Code §§ 22651(p), 14601.1, 22851.

Stypmann nonetheless alleges that his due process rights were violated because the hearing officer refused to hear his arguments as to "the unconstitutionality of the charges leading to the suspended license and impoundment for suspended license." (See FAC ¶ 15.) The tow lien validity hearing was not the appropriate venue for Stypmann to challenge the legality of the suspension of his driver's license, however. Stypmann concedes that his driver's license was suspended pursuant to California Vehicle Code §§ 13365 and 40509.5, (see FAC ¶ 7), which statutes provide for suspension when a driver fails to appear at a court hearing on certain specified offenses or to pay a fine imposed for such an offense. (See Cal. Veh. Code §§ 40509.5, 13365.) If Stypmann believed the charges leading to the suspension of his driver's license were unwarranted, the place to challenge them was in the court proceedings on those charges, not in the subsequent tow lien validity hearing. See People v. Bailey, 133 Cal. App. 3d Supp. 12, 15 (1982) (holding that "[i]f the defaulting citee has a valid excuse for his nonappearance [at a court hearing on a traffic citation], the place to submit his explanation is in [that] court"). Consequently, the hearing officer did not err by

---

[9] Although Stypmann contends the suspension of his driver's license was unlawful, (see FAC ¶ 7), such allegations are, as noted above, not properly part of the instant lawsuit because Stypmann added those allegations to the complaint without seeking and obtaining prior court approval to do so.

8

declining to hear Stypmann's arguments that the suspension of his driver's license was unconstitutional.

Stypmann also contends that his due process rights were violated because the officer who ordered the tow did not appear at the hearing, thus denying Stypmann the opportunity to cross-examine him. As noted, however, Stypmann concedes that his driver's license had been suspended prior to the towing of his vehicle. Consequently, there was no factual dispute about the validity of the tow, and cross-examination would have served no purpose. See David v. City of Los Angeles, 307 F.3d 1143, 1147 (9th Cir. 2002), rev. on other grounds, City of Los Angeles v. David, 538 U.S. 715 (2003) (finding no due process violation as a result of denial of opportunity to cross-examine officer who issued towing order where plaintiff did not dispute violation that resulted in tow).

As no due process violation occurred as a matter of law, amendment of the complaint would be futile, and the Court will dismiss Stypmann's § 1983 claim, as asserted against the City, with prejudice.

### 4. Auto Return's Motion to Dismiss

The Court previously has dismissed all of Stypmann's claims against Auto Return for failure to allege any factual basis for such claims. See Order Granting Motions to Dismiss; Remanding "Broken Sewer" Claim, filed Jan. 25, 2005, at 3. Auto Return now moves to dismiss all claims asserted against it in the First Amended Complaint on the ground that Stypmann again fails to allege any facts that could support any claim for liability against Auto Return.

First, Stypmann alleges that when he went to Auto Return "to demand return of his vehicle without charge, as per his permanent, federal court injunction, he was threatened with arrest by Stephanie, the Auto Return Vice President of Customer Relations." (See FAC ¶ 16.) Second, Stypmann alleges that Auto Return "still refuses to return Plaintiff's vehicle to him without charge" and retains possession of his vehicle. (See id. ¶¶ 16, 21.) Finally, Stypmann alleges, Auto Return has sued him in small claims court for the towing and storage charge. (See id.)

Stypmann also alleges, however, that the hearing officer upheld the validity of the tow lien on his vehicle. (See id. ¶ 15.) California Vehicle Code § 22852 provides that the towing and storage costs will be paid by the agency authorizing the tow only if "it is determined in the poststorage hearing that reasonable grounds for the storage are not established." See Cal. Veh. Code § 22852(e). The Court finds nothing in the Ninth Circuit's decision in Stypmann that entitles Stypmann to retrieve his vehicle, free of charge, when the towing of the vehicle is upheld at a post-seizure tow lien validity hearing. As the tow lien had been upheld by the hearing officer at a post-seizure hearing, Auto Return was entitled to retain Stypmann's vehicle until he paid the appropriate fee. See Cal. Veh. Code § 22851(a).[10]

Accordingly, the Court finds that Stypmann has failed to set forth any claim against Auto Return and will dismiss all claims against Auto Return, with prejudice.[11]

**B. Motion to Remand**

Stypmann moves to remand the instant action on the ground that the Court lacks jurisdiction over the state taxpayer issues raised in his First Amended Complaint. As such issues were included in his First Amended Complaint in violation of the Court's January 25, 2005 order, however, they have been dismissed, as stated above. Accordingly, no such issues remain in the First Amended Complaint, and Stypmann's motion to remand the action is hereby DENIED.

**CONCLUSION**

For the reasons set forth above,

1. All new claims asserted in the First Amended Complaint in violation of the Court's January 25, 2005 order are hereby DISMISSED without prejudice.

---

[10] The Court further notes that because Stypmann concedes his driver's license had been suspended, he was not entitled to retrieve his vehicle "except upon presentation of . . . his . . . currently valid driver's license to operate the vehicle and proof of current vehicle registration, or upon order of a court." See Cal. Veh. Code § 22651(p).

[11] In light of the above ruling, the Court does not reach Auto Return's alternate motion for a more definite statement.

10

2. The City's motion to dismiss the § 1983 claim asserted against it based on the allegedly unlawful towing of Stypmann's vehicle on November 11, 2004, is hereby GRANTED, and such claim is DISMISSED with prejudice.

3. Auto Return's motion to dismiss is hereby GRANTED, and all claims against Auto Return are DISMISSED with prejudice.

4. Stypmann's motion to remand is hereby DENIED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 23, 2005.

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge